[Civ. No. 25647. First Dist., Div. Two. Nov. 20, 1969.]

EDWARD MULROONEY, Plaintiff and Appellant, v.
EMPLOYERS REINSURANCE CORPORATION,
Defendant and Respondent.

## COUNSEL

Rawles, Nelson, Golden, Poulos & Hinkle and John Golden for Plaintiff and Appellant.

Cooper, White & Cooper and James J. Brosnahan for Defendant and Respondent.

## OPINION

AGEE, J.—Defendant-respondent issued a "Libel and Slander" insurance policy indemnifying plaintiff-appellant against loss resulting from the broadcasting of slanderous matter over appellant's radio station, located at Ukiah.

On July 25, 1962 appellant broadcast a defamatory statement over said station concerning one Reno Bartolomie, who thereupon filed a slander action against appellant in the superior court in Mendocino County. He obtained judgment therein against appellant for $10,000, based upon a jury verdict of "$5,000.00 as *general* damages, and $5,000.00 as *punitive* damages."[1] (Italics added.) No special damages were requested or awarded.

Since no appeal was taken in that action, the issues decided therein as between appellant and Bartolomie were finally adjudicated.

---

[1] We take judicial notice of the proceedings in Bartolomie v. Mulrooney, Mendocino County Superior Court action number 24881. (*Flores* v. *Arroyo* (1961) 56 Cal.2d 492 [15 Cal.Rptr. 87, 364 P.2d 263]; *Escobedo* v. *Travelers Ins. Co.* (1961) 197 Cal.App.2d 118 [17 Cal.Rptr. 219].) It may also be noted that both parties herein referred to said slander action in their respective pleadings.

After satisfying Bartolomie's judgment in full, appellant commenced the instant action on July 15, 1965, against respondent insurance company, under the indemnity provisions of said policy. This appeal is from that portion of the judgment which denied him any recovery. (No appeal was taken by respondent insurance company from that portion of the judgment denying it any recovery on its cross-complaint for expenses incurred in the slander action.) The record on appeal is limited to the judgment roll.

One of the defenses set up by respondent in the instant action is that appellant "did not broadcast a retraction or correction of the defamatory statements giving rise to the [slander action] . . . and therefore breached the contract of insurance . . . by failing to comply with the terms and conditions of paragraph 7 thereof, as follows:

" '7. RETRACTION. Retraction or correction shall be promptly made of any matter which has been broadcast or telecast through error or mistake, or which is untrue.' "

In its findings, the trial court responded to this defense as follows: "Plaintiff did not broadcast a retraction or correction of the defamatory statement giving rise to the Bartolomie action, but the plaintiff's failure to broadcast such a retraction or correction *did not result in any substantial prejudice to the defendant.*" (Italics added.)

In the face of this, however, the trial court reached the following conclusion of law: "Plaintiff is entitled to recover nothing from the defendant on the complaint herein." The same conclusion was carried into the judgment.

In the slander action, Bartolomie pleaded and appellant admitted in his answer, that on August 11, 1962 he (Bartolomie) served upon appellant at the plant of the radio station a written notice containing the full text of the slanderous statement, declaring said statement to be defamatory, and demanding that it be corrected; that no correction was ever made. (See Civ. Code, § 48a, subd. 1.)

"If a correction be demanded . . . and be not . . . broadcast . . ., plaintiff, if he pleads and proves such notice, demand, and failure to correct, and if his cause of action be maintained, may recover general, special and exemplary damages. . . ." (Civ. Code § 48a, subd. 2.)

If appellant had complied with the demand for a correction, Bartolomie could have recovered "*no more than special damages.*" (Civ. Code § 48a, subd. 1; italics added.)

Therefore, it seems to us inescapable that *if* appellant was under a contractual obligation to make the retraction or correction called for by

paragraph 7 of the insurance policy, respondent herein was substantially prejudiced by his failure to do so.

### Appellant's Breach of the Insurance Policy

██ The specific issues are whether (1) appellant broadcast a defamatory statement which was untrue and then (2) refused to make any retraction or correction of such statement upon proper demand therefor without a good faith belief in the truth of said statement.

██ The principle of collateral estoppel by prior judgment guides our determination of these issues. This principle is derived from the doctrine of res judicata. It may be applied where an issue decided in prior litigation is identical with one presented in subsequent litigation where there was a final judgment on the merits and where the party against whom the principle is invoked was a party to the prior adjudication. (*Bank of America* v. *Department of Mental Hygiene* (1966) 246 Cal.App.2d 578, 582 [54 Cal.Rptr. 899]; see *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892].)

██ By application of this principle, we find that the two issues above were determined adversely to appellant in the slander action. As to the first issue, the necessary implication from the judgment in that action is that the statement in question was false, since truth would have been a complete defense. (2 Witkin, Summary of Cal. Law (1960) p. 1288.)

With respect to the second issue, it must be concluded from said prior judgment that appellant did make the defamatory statement without a good faith belief in the truth thereof. The reasons for such conclusion follow.

Section 48a, subdivision 2, of the Civil Code provides in pertinent part that "no exemplary damages may be recovered unless the plaintiff shall prove that defendant made the . . . broadcast with actual malice. . . ." Therefore, the award of exemplary damages in said action was necessarily based upon a finding that appellant made the defamatory statement with *actual malice*.

Actual malice is defined as "that state of mind arising from hatred or ill will toward the plaintiff [Bartolomie]." (Civ. Code § 48a, subd. 4(d).)

This statute further provides that if "such a state of mind [is] occasioned by a good faith belief on the part of the defendant [appellant] in the truth of the . . . broadcast at the time it is . . . broadcast [the making thereof] shall not constitute actual malice."

Therefore, again by necessary implication from the verdict and judg-

ment in the slander action, it was adjudicated that appellant *did not* have "a good faith belief" in the truth of the broadcasted statement.

In our opinion it follows as a matter of law that appellant materially breached paragraph 7 of his contract of insurance by failing and refusing to retract or correct the defamatory statement. The trial court's conclusion that appellant recover nothing was therefore correct.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.