[No. A020967. First Dist., Div. Four. Apr. 18, 1986.]

FIRST N.B.S. CORPORATION, Plaintiff and Respondent, v.
DONLON H. GABRIELSEN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

COUNSEL

Sandra J. Shapiro and Bancroft, Avery & McAlister for Defendant and Appellant.

Harvey L. Leiderman, Bruce W. Laidlaw, Deborah K. Miller and Landels, Ripley & Diamond for Plaintiff and Respondent.

OPINION

CHANNELL, J.—After a court trial, judgment was entered for respondent First N.B.S. Corporation on its complaint for breach of contract, specific performance, and injunctive relief against appellant Donlon H. Gabrielsen. He appeals, contending that the trial court erred when it found that option provisions in two limited partnership agreements were not subject to specific performance. Because we find that Gabrielsen is collaterally estopped to challenge the trial court's resolution of this matter as a result of a San Francisco judgment, we affirm this Marin County judgment.

I. FACTS

The facts of this case are complex and arise from two separate actions. Appellant Gabrielsen was an employee, director, and shareholder of respondent First N.B.S. Corporation and its predecessor N.B.S. Corporation.[1] As a shareholder-employee of First N.B.S., he was subject to a stock purchase agreement giving First N.B.S. an option to purchase his shares of First N.B.S. stock on termination of his employment. Also as a result of his association with First N.B.S., he was given an opportunity to purchase interests in various limited partnerships. Gabrielsen did purchase interests in N.B.S. III and Windward Mall Limited Partnerships. The partnership agreements also included an option provision allowing First N.B.S. to purchase his partnership interest when he terminated his employment.

---

[1]Gabrielsen executed some of the agreements with N.B.S., some with First N.B.S. By the time the options were executed, First N.B.S. held all of them. For convenience, and because Gabrielsen concedes that the distinction between these two entities is irrelevant, we refer to both corporations as First N.B.S.

On March 31, 1980, Gabrielsen resigned from his position with First N.B.S. First N.B.S. then exercised its options to purchase Gabrielsen's partnership interests and his First N.B.S. stock. For his interest in the Windward Mall Limited Partnership, First N.B.S. tendered the full amount of Gabrielsen's original capital contribution, the purchase price provided in the agreement when, as here, the option was exercised before construction of the mall began. For his interest in the N.B.S. III Limited Partnership, the partners valued Gabrielsen's interest by stipulating a value for it according to the terms of the agreement; that value was also tendered to him. He refused to transfer either his partnership interests or stock to First N.B.S. First N.B.S. sued him in Marin County to compel specific performance of the partnership agreements.

By this time, Gabrielsen had filed his own action in San Francisco to challenge the stock purchase agreement. In his lawsuit, he alleged that the board of directors breached its fiduciary duty to him as a shareholder by improperly transferring First N.B.S. property to limited partnerships, including N.B.S. III and Windward Mall Limited Partnerships, without adequate consideration, thus lowering the value of his stock. The trial court entered judgment for First N.B.S. in the San Francisco action during the pendency of this appeal on the Marin County action. In its statement of decision, the San Francisco trial court found that the board of directors properly appraised the fair market value of Gabrielsen's shares pursuant to the stock purchase agreement, that the transfers to N.B.S. III and Windward Mall Limited Partnerships were legal and were made for adequate consideration, and that Gabrielsen was not entitled to receive a price for his stock that reflected the value of the transferred property. The San Francisco judgment is now final.

At trial on the Marin County action that forms the basis of this appeal, Gabrielsen was not allowed to defend against the action by claiming that the options were illegal. Apparently, he argued that First N.B.S.'s exercise of the partnership agreement options was illegal because First N.B.S. transferred corporate assets to these limited partnerships in an attempt to devalue the worth of his First N.B.S. shares. Gabrielsen argued that the board of directors breached its fiduciary duty when transferring these assets to the limited partnerships because, by the terms of the agreements, the partnership interests had a substantially lower value than the value of his pro rata share of the underlying assets. He contended that the partnership options could not be enforced in a court of equity and that he was entitled to receive a value equal to his pro rata share of the underlying assets of the partnerships, despite the valuation established pursuant to the agreements.

The Marin County trial court entered judgment for First N.B.S. In its statement of decision, the trial court found that the values established pur-

suant to the two partnership agreements were proper. Gabrielsen filed a timely appeal from the Marin County judgment, contending that he should have been allowed to assert the illegality of the partnership agreement options as a defense to the request for specific performance.

## II. COLLATERAL ESTOPPEL

### A. *When Doctrine Applies*

First N.B.S. contends that this appeal is barred by the doctrine of collateral estoppel as a result of the San Francisco judgment. ■ The doctrine of collateral estoppel can be simply stated: any issue necessarily decided in the litigation of a cause of action that has been finally determined by a court of competent jurisdiction is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action. *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439]; *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 810-811 [122 P.2d 892]; see *City of Los Angeles* v. *City of San Fernando* (1975) 14 Cal.3d 199, 227 [123 Cal.Rptr. 1, 537 P.2d 1250]; see also *Henn* v. *Henn* (1980) 26 Cal.3d 323, 329-330 [161 Cal.Rptr. 502, 605 P.2d 10].) In this context, the doctrine of collateral estoppel applies (1) if the issues decided in the San Francisco action are identical with the ones presented in this action; (2) if there was a final judgment on the merits in the San Francisco action; and (3) if Gabrielsen, the party against whom the doctrine is asserted, was a party to that action. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* 58 Cal.2d at p. 604; *Miller* v. *Superior Court* (1985) 168 Cal.App.3d 376, 381 [214 Cal.Rptr. 125].) If each of these three questions can be answered affirmatively, collateral estoppel bars relitigation of these issues. (See *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* 58 Cal.2d at p. 604.) Judgment in the San Francisco action is final and Gabrielsen was a party to both actions. As such, the only question to be resolved is whether the issues in the two actions are identical. ■ The burden of proving that the requirements for application of collateral estoppel have been satisfied falls on First N.B.S., as the party asserting the doctrine. (*Jackson* v. *City of Sacramento* (1981) 117 Cal.App.3d 596, 602 [172 Cal.Rptr. 826]; see *Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 257 [142 Cal.Rptr. 414, 572 P.2d 28] [res judicata].) We may consider any part of the record of the San Francisco proceedings to assist us in determining whether the issues in the present action were raised and decided by the San Francisco judgment. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 255, p. 694.)[2]

---

[2]First N.B.S. has provided us with an appendix of pertinent documents from the San Francisco action: complaint; answer; Gabrielsen's opening brief, posttrial brief, and closing brief; tentative decision; judgment; and notice of entry of judgment. We take judicial notice of these documents (see Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a)) as First N.B.S. requested in its brief.

### B. *May Collateral Estoppel Be Raised for the First Time on Appeal?*

First N.B.S. may raise the collateral estoppel effect of the San Francisco judgment for the first time on appeal. When there are two separate actions involving the same issues and the same parties in different courts, it is the first final judgment, even though rendered in the second action, that renders the issue res judicata in the other action. Although normally the res judicata effect of a prior judgment must be pleaded and proven at trial, when the judgment becomes final during the pendency of an appeal in another action, the first final judgment may be brought to the attention of the appellate court in which the appeal is pending and may there be relied on as res judicata. (*Palm Springs Paint Co.* v. *Arenas* (1966) 242 Cal.App.2d 682, 688 [51 Cal.Rptr. 747].) The same rule applies in cases involving the doctrine of collateral estoppel. (See *Causey* v. *Board of Pension Commissioners* (1984) 152 Cal.App.3d 484, 487-490 [199 Cal.Rptr. 535].) The judgment in the San Francisco action was not final until after the trial court issued its judgment in the present action. Having raised this issue at its first opportunity, First N.B.S. may raise it on appeal for the first time.

### C. *Is First N.B.S. Estopped From Claiming Issues Are Identical?*

Preliminarily, Gabrielsen contends that First N.B.S. may not claim that the issues in the San Francisco action are identical to those in the present action because, in papers filed with the trial court, First N.B.S. argued that the issues were dissimilar. In fact, *both* parties to this appeal adopted positions at trial that are the opposite of those asserted on appeal: at trial, Gabrielsen argued that the issues in the two cases were identical, and First N.B.S. contended that the issues were not the same. Gabrielsen cites no authority to support his claim that First N.B.S. should be estopped from asserting the bar of collateral estoppel at this time on the basis of the positions taken at trial. For this reason, and because the position of *both* parties differs from that on appeal, we decline to find either party estopped from making its assertions regarding collateral estoppel on this basis.

### D. *Are Issues Identical?*

On the merits, Gabrielsen contends that the doctrine of collateral estoppel does not apply because the issues of illegality and adequate consideration for First N.B.S.'s transfer of corporate assets arose in an entirely different context in the San Francisco action than in the Marin action. He applies the "same issue" requirement too narrowly. Both the Marin County and San Francisco actions involved the same pivotal issue: whether the transfers of assets from First N.B.S. to the two limited partnerships were lawful and for adequate consideration. The application of the doctrine of

collateral estoppel depends on whether the *issue* in both actions is the same, not whether the issue arises in the same *context*. (See, e.g., *Miller* v. *Superior Court, supra,* 168 Cal.App.3d at p. 381 [collateral estoppel applies to bar reconsideration of issue, already decided in criminal action, in subsequent civil proceeding].) The fact that in one action Gabrielsen raised this issue when he challenged the options exercised pursuant to the stock purchase agreement, and in the other action he raised the question when he challenged the options exercised pursuant to the partnership agreements, is irrelevant. Once the San Francisco trial court determined whether the First N.B.S. transfers to the partnerships were legal in favor of First N.B.S. and that judgment became final, the doctrine of collateral estoppel bars our reconsideration of that issue. (See *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* 58 Cal.2d at p. 604; *Bernhard* v. *Bank of America, supra,* 19 Cal.2d at pp. 810-811.)[3]

### E. *Was Illegality Issue "Necessarily Decided"?*

■ Gabrielsen also contends that the collateral estoppel doctrine does not apply because the issue of the legality of First N.B.S.'s transfers was not "necessarily decided" in the San Francisco action. ■ When determination of an issue was entirely unnecessary to the former judgment, it will not have collateral estoppel effect. (*Estate of Simmons* (1966) 64 Cal.2d 217, 222-223 [49 Cal.Rptr. 369, 411 P.2d 97]; *Berry* v. *City of Santa Barbara* (1967) 248 Cal.App.2d 438, 444-445 [56 Cal.Rptr. 553]; see *Wilson* v. *Interlake Steel Co.* (1982) 32 Cal.3d 229, 234 [185 Cal.Rptr. 280, 649 P.2d 922]; see also 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 268, pp. 710-711.)

■ The San Francisco trial court found that the First N.B.S. Board of Directors had properly appraised Gabrielsen's shares of stock. He contends that it was therefore unnecessary for the San Francisco court to also determine the question of the legality of First N.B.S.'s corporate transfers in order for that court to reach its decision.

He ignores a critical fact: that his complaint in the San Francisco action alleged both breach of contract and breach of fiduciary duty. Once the trial court resolved the question of whether the board of directors properly valued Gabrielsen's stock according to the stock purchase agreement, it was required to decide whether he could recover on the breach of fiduciary duty theory of recovery. Thus, the issue of the legality of the transfers from First N.B.S. to the limited partnerships was "necessarily decided" in the San Francisco action within the meaning of the doctrine of collateral estoppel.

---

[3]As the parties are collaterally estopped from relitigating all questions raised on appeal, other than the issue discussed in part III, *post,* we do not resolve them.

### F. *Would Application of Doctrine Cause Substantial Injustice?*

■ Finally, Gabrielsen urges this court not to apply the doctrine, arguing that to invoke it in this action would cause substantial injustice, citing *Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control* (1962) 57 Cal.2d 749 [22 Cal.Rptr. 14, 371 P.2d 758]. In *Louis Stores,* the Supreme Court chose not to apply the doctrine of res judicata because of the adverse effect that it would work on third persons who were not parties to the litigation and on the public interest. (*Id.,* at p. 758.) As the present action involves neither third persons nor the public interest, this public interest exception to the application of the collateral estoppel rule does not apply. (See *id.,* at pp. 757-759; see also 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 276, pp. 716-717.)

■ The doctrine of collateral estoppel is based on the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. (*Teitelman Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* 58 Cal.2d at p. 604; *Bernhard* v. *Bank of America, supra,* 19 Cal.2d at p. 811; *Anderson* v. *San Mateo Community College Dist.* (1978) 87 Cal.App.3d 441, 449 [151 Cal.Rptr. 111].) Our decision that collateral estoppel applies to this appeal furthers this important policy.

### III. REASONABLE WORTH OF N.B.S. III*

. . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.

---

*See footnote, *ante,* page 1189.