[No. C012927. Third Dist. Apr. 27, 1993.]

EDWARD R. STOLZ II, Plaintiff and Appellant, v.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS
ASSOCIATION, Defendant and Respondent.

**[Opinion certified for partial publication.*]**

*See footnote 2, *post*, page 219.

COUNSEL

Nelson & Kennard and Robert Scott Kennard for Plaintiff and Appellant.

R. Scott McMillen, John F. Cooney, Jr., and Michael J. Halloran for Defendant and Respondent.

OPINION

**BLEASE, Acting P. J.**—Edward Stolz II appeals from an order dismissing his action against Bank of America because he failed to furnish security as required by the vexatious litigant statutes (Code Civ. Proc., § 391 et seq.)[1] He challenges the order (judgment of dismissal) on assorted grounds, none of which has merit.

In the published portion of the opinion[2] we hold that principles of collateral estoppel preclude Stolz from relitigating the final determination in

---

[1] All undesignated references to a section are to the Code of Civil Procedure.

[2] The Reporter of Decisions is directed to publish the opinion except for parts III through V of the Discussion.

an unrelated case that six prior cases prosecuted or maintained by him in propria persona meet the definition of a vexatious litigant in section 391, subdivision (b)(1). We also hold that, for purposes of that provision, the "immediately preceding seven-year period" within which such cases must have been "commenced, prosecuted or maintained in propria persona" is measured from the date of filing the motion to declare the plaintiff a vexatious litigant. (§ 391.1.) In the unpublished portion of the opinion, we affirm the ruling of the trial court that Stolz has no reasonable probability of prevailing against Bank of America in this action.

We will affirm the order of dismissal.

### Facts and Procedural Background

Edward Stolz does business as KWOD 106, a Sacramento radio station. This action arises out of alleged misappropriations of KWOD 106 funds by Stolz's employee and promotional director. Stolz had several business accounts with Bank of America, two of which were a KWOD 106 general operating account and a KWOD 106 special promotional account. Stolz was the sole authorized signatory on all accounts except the promotional account, on which his promotional director was a joint signatory. The director is alleged to have diverted checks drawn by KWOD 106 clients payable to "KWOD 106" and intended for the general operating account and deposited them in the promotional account and then, as a joint signatory on that account, withdrew the funds for his personal use. Stolz claims the deposits and the withdrawals were made in an unauthorized manner and contrary to an understanding he had with Bank of America as to how KWOD 106 accounts would operate. The complaint charges Bank of America with negligence for allowing this to happen. It was filed April 3, 1991.

On May 7, 1991, in Stolz v. KROY 96.9 FM Radio (Super. Ct. Sacramento County, 1990, No. CV516026), an unrelated action commenced by Stolz in propria persona on August 29, 1990, the superior court declared Stolz a vexatious litigant. (§ 391, subd. (b)(1)). On June 17, 1991, Bank of America, relying on the determination made in KROY, moved for security on the ground Stolz is a vexatious litigant within the meaning of section 391, subdivision (b)(1), and has no reasonable probability of prevailing in this litigation. The court denied the motion without prejudice, concluding that "[t]he mere fact that there was a prior finding that [Stolz] was a vexatious litigant is not sufficient to meet [Bank of America]'s burden. Since specific cases must be relied on, there must be a showing that each case meets the statutory requirement [(]within 7 years, for example[)]."

On September 13, 1991, Bank of America renewed its motion, requesting the court, pursuant to Evidence Code sections 452, subdivision (d) and 453,[3] to take judicial notice of its files in KROY, arguing that the cases relied upon there to find Stolz a vexatious litigant within the meaning of section 391, subdivision (b)(1) fit the criteria applicable here, too, and would permit the court to make the same finding. Bank of America also urged that principles of collateral estoppel should preclude the court from redeciding what was found to be true in KROY; "[t]o determine otherwise would be to risk inconsistent decisions in the same Court." Bank of America relied upon the same six cases, for the same reasons, relied upon in KROY in support of finding Stolz to be a vexatious litigant.

On December 3, 1991, the trial court entered an order finding Stolz to be a vexatious litigant within the meaning of section 391, subdivision (b)(1).[4] Finding further that Stolz had no reasonable probability of prevailing in this action, the court ordered him to furnish security in the amount of $10,000. Stolz failed to furnish the security, and on January 7, 1992, the court ordered the action dismissed (§ 391.4) and entered judgment for Bank of America accordingly.

This appeal followed.

*Discussion*

I

*Collateral Estoppel*

Section 391, subdivision (b)(1) defines a vexatious litigant as one who, in the relevant time period, "commenced, prosecuted or maintained in propria persona . . . five litigations [other than small claims] that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or

---

[3]Evidence Code section 452, subdivision (d), permits a court to take notice of "[r]ecords of [ ] any court of this state . . . ."

Evidence Code section 453 requires the court to take notice of such matter if a party requests it and "(a) Gives each adverse party sufficient notice of the request, through the pleadings or otherwise, to enable such adverse party to prepare to meet the request; and [¶] (b) Furnishes the court with sufficient information to enable it to take judicial notice of the matter."

Bank of America appended to its motion copies of the pertinent records.

[4]In so doing, the court found the "five" cases presented by Bank of America (Bank of America in fact presented six) met the statutory criteria, and it declared the time of filing the present action the date from which the "immediately preceding seven-year period" is to be measured.

hearing." ▮▮▮▮▮ The trial court noticed the records,[5] and relied upon the final determination of the court, in an unrelated action, Stolz v. KROY 96.9 FM Radio, *supra*,[6] that six cases satisfied the statutory definition. Stolz rakes through the litigation histories of these cases in the record of that action and challenges the factual basis in each to support either that a case was finally determined adversely to him or that he unjustifiably permitted a case to remain pending at least two years.

▮▮▮ Stolz is precluded by principles of collateral estoppel from relitigating those issues as determined in Stolz v. KROY 96.9 FM Radio. ▮▮ Collateral estoppel applies if (1) the issue decided in the prior case is identical with the one now presented; (2) there was a final judgment on the merits in the prior case; and (3) the party to be estopped was a party to the prior adjudication. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439]; *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892].) When principles of collateral estoppel are sought to be used by one not a party to the prior adjudication, it is appropriate to ask, also, whether application of the doctrine would be unfair (e.g., the person to be estopped had lesser incentive to litigate the issue in the prior proceeding, or the prior determination is itself inconsistent with a previous judgment, or the person to be estopped operated under different and less advantageous procedure in the prior adjudication). (*Parklane Hosiery Co.* v. *Shore* (1979) 439 U.S. 322, 330-331 [58 L.Ed.2d 552, 561-562, 99 S.Ct. 645]; *Imen* v. *Glassford* (1988) 201 Cal.App.3d 898, 905-908 [247 Cal.Rptr. 514]; see Rest.2d Judgments, § 29.)

▮▮▮ In the KROY litigation, six cases were urged by the defendant to establish that Stolz was a vexatious litigant within the meaning of section 391, subdivision (b)(1)—(1) Stolz v. Cooke (Super. Ct. Sacramento County No. 312002), a case both finally determined adversely to Stolz and unjustifiably permitted to remain pending at least two years; (2) Stolz v. Cooke (Super. Ct. Sacramento County No. 315512), a case finally determined adversely to Stolz; (3) Stolz v. Metts (Super. Ct. Sacramento County No.

[5]We reject Stolz's objection to the judicial notice of its records in Stolz v. KROY 96.9 FM Radio, *supra*, No. CV516026. With respect to a claim of collateral estoppel, court records are properly noticed for the purpose of determining the issues raised by the pleadings, litigated and finally decided in that proceeding. (*First N.B.S. Corp.* v. *Gabrielsen* (1986) 179 Cal.App.3d 1189, 1194 & fn. 2 [225 Cal.Rptr. 254].) There is nothing in the record which affirmatively indicates that the court noticed the records for any other purpose, and we therefore presume that it did not. (See Evid. Code, § 664.)

[6]Stolz was ordered to furnish security in that case, he failed to do so, and the action was dismissed. He appealed (case No. C011490), and, on August 23, 1991, we dismissed the appeal for Stolz's failure to designate the record (Cal. Rules of Court, rule 10(c)). The remittitur issued on October 23, 1991, before the December 3, 1991, decision of the superior court in this case, and that judgment is final and conclusive.

329676), a case unjustifiably permitted to remain pending at least two years; (4) Stolz v. Roseville Toyota (Mun. Ct. Sacramento County No. 88C26541), a case unjustifiably permitted to remain pending at least two years; (5) Stolz v. Wadlow (Super. Ct. Sacramento County No. 345224), a case unjustifiably permitted to remain pending at least two years; and (6) Stolz v. Johnson (Super. Ct. Sacramento County No. 342203), a case unjustifiably permitted to remain pending at least two years.

In the KROY litigation Stolz challenged KROY regarding compliance of each case with the requirements of section 391, subdivision (b)(1) under the same rules of procedure involved here and with adequate incentive to do so (Stolz was asked to furnish $100,000 security). The court found that Stolz "is a vexatious litigant under Code of Civil Procedure section 391(b)(1)," impliedly accepting the factual basis urged by the defendant and rejecting Stolz's challenge.

Bank of America relies on the same cases, using the same factual bases relied upon by the court in KROY to find Stolz, the same party, a vexatious litigant. The determination in KROY is final and conclusive. (See *ante*, fn. 6.) Thus, to the extent the issues are the same—whether a particular litigation commenced, prosecuted or maintained in propria persona was finally determined adversely to Stolz or unjustifiably permitted to remain pending at least two years—Stolz cannot challenge anew such determinations.

An issue that is not necessarily the same, however, is whether a particular case was commenced, prosecuted or maintained in propria persona in "the immediately preceding seven-year period," because, as we next show, that period is dependent upon the date the motion to declare Stolz a vexatious litigant was filed. For that reason the trial court made an independent determination based upon the KROY record that each case relied upon fell within the seven-year period.[7] In so doing the court was authorized to notice the relevant court documents.

## II

### *Period of Limitations*

Section 391 provides, in pertinent part, "As used in this title [title 3A, headed 'Vexatious Litigants,' of part 2, headed 'Civil Actions,' of the Code of Civil Procedure], the following terms have the following meanings:

---

[7]The court, however, measured the period from the commencement of this action. As we next show, that is incorrect. Thus, we have examined the records to determine whether the cases fell within the requisite period.

[¶] . . . [¶] (b) 'Vexatious litigant' means a person who does any of the following: [¶] (1) In the immediately preceding seven-year period has commenced, prosecuted or maintained in propria persona at least five litigations" meeting specified criteria. ■ Stolz contends that, unless we can determine with certainty the point from which "the immediately preceding seven-year period" is to be measured, section 391, subdivision (b)(1) must be declared unconstitutionally vague.

The quoted section does not set forth the point from which the "immediately preceding" period is to be measured. However, the infirmity is curable by rules of statutory construction. We look first to the text of the statute, then to the context in which the challenged phrase occurs. (*In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 720, 734 [199 Cal.Rptr. 697].)

Section 391, subdivision (b)(1) defines a "vexatious litigant" and it necessarily must be read in conjunction with the remainder of title 3A (the vexatious litigant statutes). Section 391.1 provides that "[i]n any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant."

It is this motion procedure that gives teeth to the definition of "vexatious litigant." Accordingly, the filing of the motion establishes the point from which the seven-year period of section 391, subdivision (b)(1) must be retroactively measured.

The motion for security was filed September 13, 1991.[8] The seven-year window thus extends to September 13, 1984. Pursuant to that measure, Stolz v. Cooke, *supra*, No. 315512, a litigation Stolz commenced in propria persona on October 26, 1983, and dismissed June 1, 1984, for failure to state a claim, must be excluded from consideration.

That leaves five litigations upon which Bank of America relies in support of its motion for security.[9] ■ Stolz challenges only one of them, Stolz v. Cooke, *supra*, No. 312002, a litigation he commenced in propria persona

---

[8]We do not count from the date of Bank of America's earlier motion, filed June 17, 1991, which the trial court denied without prejudice.

[9]Bank of America says it leaves six, suggesting that it is counting Stolz v. Point West Bank as a litigation upon which it relied in support of the motion. Point West Bank was belatedly

on May 27, 1983, without the seven-year period. However, he substituted counsel in the action on October 23, 1984. On May 16, 1988, the trial court dismissed the action for unjustifiable and inexcusable delay in prosecution.

Stolz does not explain why this litigation falls outside the window; presumably he is looking only at its commencement date.[10] But section 391, subdivision (b)(1) looks to whether a litigation was "commenced, prosecuted *or* maintained in propria persona" within the relevant period. (Italics added.) Thus, the fact that a litigation was "commenced" outside the seven-year window does not necessarily exclude it from consideration if it was subsequently "prosecuted" or "maintained" by the plaintiff in propria persona within the window.

Cooke fits that criterion—Stolz did not substitute counsel until October 23, 1984. Thus the action was "maintained" by Stolz in propria persona within the 7-year window, albeit for a period of only 40 days, September 13, 1984, to October 23, 1984. In isolation, 40 days might be considered de minimis as providing only a tenuous connection between Stolz's maintenance of the litigation in propria persona and the reason it was dismissed. However, section 391, subdivision (b)(1) does not allow for such subtle distinctions; what counts is that the litigation was "maintained" in propria persona within the seven-year period and ultimately determined adversely to the plaintiff or unjustifiably permitted to remain pending at least two years without having been brought to trial. By this measure, Cooke counts. The forty days between September 13 and October 23, 1984, must be considered in their context, connected to a period of one year and four months (from May 27, 1983) during which Stolz "maintained" the litigation in propria persona. In that context, the link between Stolz's status as a pro per plaintiff and the unjustifiable delay ultimately found is not tenuous.

III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

raised in the trial court. For that reason and others, we do not count it as a case supporting the trial court's order.

[10]Bank of America appears to concede that, if the seven-year period is measured from the time the motion for security is filed, then this case would fall outside the window. Either Bank of America is confusing this case with the other Cooke case, or Bank of America, too, is looking only at the litigation's commencement date.

*See footnote 2, *ante*, page 219.

*Disposition*

The judgment is affirmed.

Davis, J., and Scotland, J., concurred.

A petition for a rehearing was denied May 21, 1993.