Filed 11/18/22  Marriage of Hiramanek CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of KAMAL and ADIL HIRAMANEK. | B306215<br>(Santa Clara County Super. Ct. No. 2009-1-FL-149682) |
| KAMAL KAPADIA,<br><br>Respondent,<br><br>v.<br><br>ADIL HIRAMANEK,<br><br>Appellant. | |

APPEAL from the orders of the Superior Court of Santa Clara County, Roberta S. Hayashi and Deborah A. Ryan, Judges. Dismissed.

Adil Hiramanek, in pro. per., for Appellant.

No appearance for Respondent.

\*       \*       \*

Adil Hiramanek (husband) purports to appeal two orders of the family court—namely, (1) the order denying him, as a vexatious litigant, permission to file a new motion, and (2) the order denying *his mother*'s request to contact his three adult children. The first order is not appealable, and husband has no standing to bring the second. Accordingly, we dismiss the appeal in its entirety.

## FACTS AND PROCEDURAL BACKGROUND

### I.       Dissolution Proceedings

Husband and Kamal Kapadia (wife) filed a stipulation and order in June 2009, in which husband agreed to stay away from wife and their three then-minor children. Pursuant to that agreement, wife and the kids were to stay in the family residence.

### II.      Order Declaring Husband a Vexatious Litigant

In June 2010, the family court declared husband a vexatious litigant. That order was affirmed on appeal. (*In re Marriage of Hiramanek* (Aug. 23, 2012, H035887) [nonpub. opn.].)

### III.     Order Regarding Taxes and Fair Rental Value of Family Residence

In January 2019, the family court issued an order regarding two still-outstanding issues from the marital

2

dissolution. First, the court ordered husband and wife to each pay one-half of the outstanding tax liability for their 2006 income taxes. They were required to pay within 30 days of the service of the court's order. Second, the court deferred resolution of the question of what amount, if any, wife owed husband for her use of the family residence since the party's separation. The June 2009 stipulation had "reserved" this issue for later resolution. The court found the issue still not ripe for resolution in January 2019 because the paternal grandmother, who contended she had an ownership interest in the family residence, was in the midst of appealing the order regarding the sale of that residence.

## IV. Order Regarding Paternal Grandmother's Access to Children

In a January 2020 oral ruling and March 2020 written ruling, the family court denied the paternal grandmother's request to order husband and wife's children to contact the grandmother because she was ill and dying. Although the court declined to *order* any contact because the children were now adults, the court sought and obtained mother's voluntary agreement to pass along grandmother's contact information to the children so they could reach out to her if they wished. The day after the January 2020 hearing, wife filed a declaration indicating she had passed along the grandmother's contact information.

## V. Order Denying Husband's Request to File a Request for Order in the Pending Dissolution Case

On March 6, 2020, husband filed a request to file new litigation—namely, a request for orders (1) holding wife in contempt for not paying her half of the 2006 outstanding income tax amount by the family court's deadline, and (2) calculating the

3

reasonable rental value of the family residence and awarding husband "an advance" on that amount to cover husband's living expenses.

The family court denied husband's request to file new litigation on March 16, 2020.

## VI.  Appeal

Husband filed a timely notice of appeal, seeking to appeal (1) the denial of his request to file new litigation; and (2) the order denying the paternal grandmother's request for the adult children's contact information.

## DISCUSSION

## I.  Order Denying Request to File New Litigation Is Not Appealable

We have no jurisdiction over husband's appeal to the extent it seeks to challenge the family court's denial of his request to file new litigation; the appropriate remedy is dismissal. (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 79 (*Deal*) ["[A] vexatious litigant's request to file new litigation under section 391.7 is not appealable.  And without an appealable order, we must dismiss the appeal."].)

Husband resists this conclusion with what appear to be three arguments.

First, he seems to suggest that he was incorrectly designated as a vexatious litigant back in 2010.  We must reject this argument because that designation—which was already affirmed in a prior appeal—is not subject to collateral attack. (*Deal, supra*, 80 Cal.App.5th at p. 78, fn. 3; *Stolz v. Bank of America* (1993) 15 Cal.App.4th 217, 223.)

Second, he argues that his request for orders does not qualify as "new litigation" subject to the prefiling requirement to

4

which he is subject as a vexatious litigant.  He is wrong.  The vexatious litigant statute explicitly provides that "'litigation' includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code . . ., for any order."  (Code Civ. Proc., § 391.7, subd. (d).)  Husband's "motion" for an "order" in this "Family Code" "proceeding" accordingly qualifies as "litigation" subject to the prefiling requirement.  Husband cites *Shalant v. Girardi* (2011) 51 Cal.4th 1164, but that case merely held that a lawsuit filed by a vexatious litigant while the litigant had a lawyer was not retroactively subject to dismissal if the person *subsequently* fired the lawyer and proceeded pro se.  (*Id.* at p. 1168.)  *Shalant* did not purport to address the very different situation in this case, which is governed by the plain text of the vexatious litigant statute.

Third, he argues that the request for orders he sought to file has merit.  Because we have no jurisdiction to consider the propriety of the family court's denial of his prefiling request, we are without jurisdiction to reach the merits of that denial.

## II.    Order Denying Paternal Grandmother's Request for Adult Children's Contact Information

We must also dismiss husband's purported appeal of the denial of *grandmother*'s request for an order seeking the adult children's contact information.  As husband recognized during the hearing on this matter, *grandmother* was the "moving party"— not *husband*.  As a result, *husband* is not the party aggrieved by the denial of the order, and thus has no standing to attack it on appeal. (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67-68 (*Gregory D.*); *Hargrove v. Legacy Healthcare, Inc.* (2022) 80 Cal.App.5th 782, 788.)  To be sure, husband purported to file a

motion before the family court attacking the family court's denial order and proposing line edits to the order, but husband's filing did not retroactively make *him* the movant, and hence did not give him standing. The remedy for lack of standing is dismissal. (*Gregory D.*, at pp. 67-68.)

During oral argument, husband relayed that grandmother has passed away. As a result, the trial court's denial of an order granting her request to have the adult children contact her is necessarily moot.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

6