Filed 12/30/24  Marriage of Hiramanek CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of KAMAL HIRAMANEK and ADIL HIRAMANEK. | |
| KAMAL HIRAMANEK, Respondent, v. ADIL HIRAMANEK, Appellant. | F082542 (Super. Ct. No. FL149682) **OPINION** |

APPEAL from a judgment of the Superior Court of Santa Clara County.  Michael Clark, Judge.

Hiramanek, Adil, in pro. per., for Appellant.

No appearance made by Respondent.

-ooOoo-

This case originates from a divorce proceeding between former spouses, respondent Kamal Hiramanek (Kamal) and pro per appellant Adil Hiramanek (Adil) that began in 2007.[1] During the course of the divorce proceeding, numerous orders and appeals were filed, including domestic violence restraining orders and a vexatious litigant order against Adil. One such restraining order was a renewed domestic violence restraining order entered in August 2012 (hereinafter the "RRO"). In 2020, Adil filed a request for order that made various attacks against the RRO. Pursuant to the vexatious litigant order, the presiding judge of the Santa Clara County Superior Court refused to grant Adil permission to file the request for order. In this appeal, Adil contends: (1) it was error to apply the vexatious litigant statute with respect to his request for order; (2) the Santa Clara County presiding judge erred by concluding that there was not even an arguable issued raised in the request for order; (3) the RRO is void because it violated his due process right to notice; (4) the RRO is void because it violated his due process right to be meaningfully heard; (5) the RRO is void because it violated his due process right to conduct discovery; (6) the RRO is void because it was issued while an appeal regarding the preceding domestic violence restraining order was pending; and (7) the RRO is void because it was in fact a new restraining order that did not meet the requirements of Family Code section 6300 et seq. We strike portions of the RRO and otherwise affirm.

## BACKGROUND

Adil and Kamal were married and had three sons together (born September 1999 & twins born October 2001).

In 2007, Kamal filed a petition for dissolution of marriage. However, in 2008, Adil and Kamal reconciled and the dissolution proceeding terminated.

---

[1] We refer to the parties by their first names throughout this opinion to avoid confusion, as the parties share the same last name. No disrespect is intended.

2.

In March 2009, the reconciliation failed, and Kamal again filed a petition for dissolution of marriage as provided by the Family Code.

On June 2, 2010, Adil was declared a vexatious litigant by the Santa Clara County Superior Court. That order was subsequently affirmed on appeal and remains valid. (*In re Marriage of Hiramanek* (Aug. 23, 2012, H035887) [nonpub. opn.].)

In October 2010, Kamal obtained a domestic violence restraining order (hereinafter "the RO") pursuant to Family Code section 6300 et seq. The RO identified Kamal as the protected party and required Adil to stay away from the family home but did permit supervised visits between Adil and his three sons.

Adil appealed the trial court's issuance of the RO.

In September 2011, Kamal filed a motion to renew the RO and make the RO permanent. Kamal's request focused on concerns for her mental wellbeing and Adil's conduct towards her. The request did not mention significant conduct between Adil and his sons, nor did the request indicate that the sons were intended to be protected parties.

Eventually, a hearing on the request to renew the RO was set for August 9, 2012. Over the course of two preliminary hearings (one on October 6, 2011, and the other on March 5, 2012), Kamal estimated that she would need an hour or less to present her case, which was based on her own testimony. Adil indicated to the trial court that he required five court days and wished to call over 30 witnesses to contest the matter. The court asked Adil to identify his two most important witnesses, but he could not do so and responded that they were all critical. The court noted that the renewal motion involved limited factual issues, the key legal issue was the Kamal's "reasonable apprehension of future abuse," Adil's witness list was unreasonable, and there would be no need to relitigate issues that had previously been decided as part of the RO. The court exercised its discretion and limited each side to one hour to present their case. The court denied a request by Adil for additional court days. As for a request by Adil to conduct discovery,

the court did not authorize discovery and noted that the Domestic Violence Prevention Act (DVPA) did not expressly provide for discovery.[2]

On August 9, 2012, a hearing was held on Kamal's motion to renew the RO. Adil and Kamal were both present. The trial court denied Adil's request for a continuance based on a lack of discovery and also denied Adil's renewed request for a five day hearing/trial. Kamal testified, while Adil admitted exhibits, called witnesses, cross-examined Kamal, and made arguments.[3] During closing, Adil was permitted to exceed the one hour limit that had previously been set.

On August 27, 2012, the trial court granted Kamal's request to renew and issued the RRO. The court found that Kamal harbored a genuine fear of Adil if the RO was not renewed. Unlike the RO, the RRO included Adil's three sons as protected individuals. However, the order did not include findings regarding apprehension of abuse by or prior physical abuse towards the sons, nor did the order explain the basis for including the sons as protected parties. As to Kamal, the court set the RRO's expiration date for August 2062 (50 years). As to the sons, the RRO would expire as to an individual son when that son reached the age of 21.

---

[2] On April 23, 2024, Adil moved to augment the record with four exhibits. No objections were filed. Adil's motion to augment is granted, and exhibits A through D, which are attached to Adil's motion, will be deemed part of the record on appeal.

[3] The record is somewhat ambiguous with respect to the witnesses called at the RRO hearing. The minute order and the trial court's order granting the RRO clearly reflect that Adil called two witness (Bechtel and Majd). However, the order granting the RRO suggests that Adil called Roda Hiramanek (Roda) because it stated Adil elicited testimony from Roda, but the minute order suggests that Kamal called Roda because there is a notation that Adil cross-examined Roda. Roda is Adil's mother. The record in this case reflects that Roda was aligned with Adil and would have been a friendly witness for him. Given the mother-son relationship, the trial court's observation that Adil elicited testimony from Roda, and because the result of this appeal will not change, we view Roda as functionally a witness on behalf of Adil.

4.

On September 21, 2012, Adil attempted to appeal the granting of the RRO. However, it appears that the presiding judge of the Sixth District Court of Appeal dismissed the appeal through application of the June 2010 vexatious litigant order.

On June 23, 2014, the Sixth District Court of Appeal affirmed the RO in an unpublished opinion. (*In re Hiramanek* (Jun. 23, 2014, H036471, H036723) [nonpub. opn.].)

On September 9, 2020, Adil filed a request for order (RFO) in the trial court. Adil sought to modify the RRO, invalidate the RRO as to the children, and file an anti-SLAPP motion because the RRO was based on SLAPP protected activity.

On October 20, 2020, Adil's RFO was denied because Adil failed to obtain permission to file from the presiding judge in accordance with the vexatious litigant order.

On October 28, 2020, Adil filed a request with the presiding judge of the Santa Clara County Superior Court for permission to file his RFO. The same day, the presiding judge denied permission.

On November 20, 2020, Adil appealed the denial of his RFO to the Sixth District Court of Appeal.

In March 2021, the California Supreme Court reassigned the appeal from the Sixth District Court of Appeal to the Fifth District Court of Appeal.

On April 22, 2021, the presiding justice of the Fifth District Court of Appeal ordered Adil's appeal to proceed.

## DISCUSSION[4]

### I.     Application of Vexatious Litigant Statute and Order to RFO

#### A.     Adil's Argument

Adil argues that the vexatious litigant statute provides a pre-filing requirement for plaintiffs only.  Because he was a defendant in this case, Adil argues he should not be subject to any prefiling requirement.  Adil also argues that the prefiling requirement applies to the initiation of a new case.  Because the request for order was made in the divorce proceeding and was not a new case, Adil contends that the prefiling requirement cannot apply to the RFO.

#### B.     Analysis

There are several issues raised by Adil with respect to application of the vexatious litigant statute in this case.  We are not persuaded by Adil's arguments.

First, the propriety of labeling Adil a vexatious litigant has already been litigated and affirmed by the Sixth District Court of Appeal.  (*In re Marriage of Hiramanek*, *supra*, H035887.)  The California Supreme Court has denied review of the Sixth District's affirmance.  (*In re Marriage of Hiramanek*, *supra*, H035887, review denied Sep. 12, 2012, S204398.)  Challenges to the propriety of either the trial court's vexatious litigant order or the affirmance of that order are therefore barred.  (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 78, fn. 3; *Stolz v. Bank of America* (1993) 15 Cal.App.4th 217, 223.)

Second, Adil's RFO is in fact "new litigation" for purposes of the vexatious litigant statute.  The vexatious litigant statute explicitly states that " 'litigation' includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code . . ., for any order."  (Code Civ. Proc., § 391.7, subd. (d) (section

---

[4] We note that Kamal did not file a response to Adil's opening brief or otherwise participate in this appeal.

6.

391.7).)  Adil's RFO is a type of motion that was filed in the dissolution of marriage action.  Actions for divorce or dissolution of marriage are governed by the Family Code (*In re Marriage of Evans* (2014) 229 Cal.App.4th 374, 385), and thus, are "proceeding[s] under the Family Code" for purposes of section 391.7, subdivision (d).  Therefore, as a "motion" in a "proceeding under the Family Code," the request for order is new "litigation" under the vexatious litigant statute and subject to the prefiling requirement. (Code Civ. Proc., § 391.7, subd. (d).)

Third, although Adil correctly notes that section 391.7, subdivision (c) speaks in terms of consequences against a vexatious litigant plaintiff who files a new litigation without receiving permission from the presiding judge, Adil does not consider the relevant definitions of the vexatious litigant statute.  As quoted above, "litigation" is not limited to the initiation of a new legal proceeding, but also includes the filing of a petition, application, or motion in a Family Code proceeding.  Moreover, the vexatious litigant statute defines a " 'plaintiff' " in part as a "person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained."  (Code Civ. Proc., § 391, subd. (d).)  Applying these definitions to Adil's attempt to file the RFO leads to the conclusion that the vexatious litigant statute and prefiling order were correctly applied to Adil.  As a vexatious litigant, Adil acted as a "plaintiff" because he sought to commence or file a new "litigation" in the form of a motion in his Family Code proceeding.  (Code Civ. Proc., §§ 391, subd. (d), 391.7, subd. (d).)  Therefore, the vexatious litigant order was properly applied to Adil's attempt to file the RFO.

Adil relies on *Shalant v. Girardi* (2011) 51 Cal.4th 1164 to argue that "new litigation" refers to the initiation of an entirely new proceeding and not to motions within an existing proceeding.  *Shalant* involved a plaintiff who had previously been declared a vexatious litigant and was subject to the section 391.7, subdivision (a) prefiling requirement.  (*Shalant*, at p. 1168.)  Through counsel, the plaintiff initiated an entirely new lawsuit that alleged a breach of contract.  (*Id.*, at pp. 1168-1169.)  During the course

7.

of litigation, the plaintiff's attorney withdrew, and the plaintiff maintained the litigation pro per. (*Id.*, at p. 1169.) The Supreme Court held that section 391.7's prefiling requirement was not implicated because, although the plaintiff was proceeding pro per, the litigation was initiated through counsel. (*Id.*, at p. 1171.) After reaching this conclusion, *Shalant* rejected an argument that section 391.7, subdivision (a) could operate to require the plaintiff to obtain permission from the presiding judge before filing a motion in the on-going lawsuit. (*Id.*, at pp. 1174-1175.) *Shalant* explained:

> "A vexatious litigant in *Shalant*'s position would be required to seek permission of the presiding judge before filing any motion or other paper. The presiding judge of the court would thus be placed in the position of overseeing each procedural step of an action pending in another department and deciding in each instance whether the particular motion, pleading, or paper had 'merit.' … Pretrial and trial proceedings would be constantly interrupted for trips to the presiding judge's department; an orderly and efficient trial would be impossible. Again, the statute provides that if permission is not granted, an inadvertently filed litigation is to be 'dismissed,' [citation] indicating the drafters did not intend each motion, which would ordinarily be granted or denied, but not 'dismissed,' to be considered a separate 'litigation.' " (*Ibid,* fn. omitted.)

Despite the obvious support that this provision would appear to provide to Adil, *Shalant* does not control the outcome of this case. As explained above, *Shalant* was a civil breach of contract case, it was not a case that was proceeding under the Family Code. Because *Shalant* was not a proceeding under the Family Code, our Supreme Court did not apply section 391.7, subdivision (d). Nevertheless, *Shalant* did suggest in a footnote at the end of the above block quote that subdivision (d) when applicable would lead to a different conclusion. *Shalant* noted: "Subdivision (d) of section 391.7 provides that in a proceeding under the Family Code … ' "litigation" ' *does* include 'any petition, application, or motion other than a discovery motion … for any order.' This provision would be unnecessary if, as defendants argue, 'litigation' throughout the vexatious litigant statutes included every motion or other paper filed by a plaintiff." (*Id.*, at p. 1175, fn. 6.) Because Adil is litigating in a Family Code proceeding, section 391.7,

subdivision (d), combined with the vexatious litigant's other definitions, and not *Shalant*, govern the prefiling requirement that is applicable to Adil.

In sum, the vexatious litigant statute and the vexatious litigant order applied to Adil's attempt to file the RFO.

## II.   Meritorious Issues Raised by the RFO

### A.   Adil's Argument

Adil argues that he raised at least arguable issues as part of the RFO and that the Santa Clara County Superior Court presiding judge erred by refusing to let him file.

### B.   Analysis

Pursuant to the vexatious litigant statute, before a vexatious litigant may pursue "new litigation," the vexatious litigant must receive permission to file the "new litigation" from the presiding judge or justice where the litigation is to be filed.  (Code Civ. Proc., § 391.7, subd. (a); *Karnazes v. The Lauriedale Homeowners Assn.* (2023) 96 Cal.App.5th 275, 280.)  Permission to file will be granted "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." (Code Civ. Proc., § 391.7, subd. (b); *Karanzes*, at p. 280.)  However, an order denying a "vexatious litigant's request to file new litigation under section 391.7 is not appealable." (*In re Marriage of Deal*, *supra*, 80 Cal.App.5th at p. 79.)  Therefore, because Adil is attempting to appeal a non-appealable order, we lack jurisdiction to consider Adil's challenge.  (*Ibid.*)

## III.   Due Process – Lack of Notice and Opportunity to be Heard

### A.   Adil's Argument

Adil argues that Kamal's request to renew the RO identified only herself as the party to be protected and that he was never put on notice that the RRO could include his three sons as protected parties.  Adil also argues that the trial court improperly limited the renewal hearing to one hour per side, even though he identified numerous witnesses and exhibits pre-trial and had requested a multi-day hearing.  Adil avers that these actions

9.

deprived him of his due process rights to notice and an opportunity to be meaningfully heard and that these violations made the RRO void and subject to challenge at any time.

**B.      Legal Standards**

"The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and an opportunity to meet it.' " (*Mathews v. Eldridge* (1976) 424 U.S. 319, 348; *Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.)  Judgments and orders issued in violation of the due process right to notice and an opportunity to be heard are void. (*United Student Aid Funds, Inc. v. Espinosa* (2010) 559 U.S. 260, 271; *Brown v. Williams* (2000) 78 Cal.App.4th 182, 186, fn. 4.)  The purpose of notice is to " 'apprise the affected individual of, and permit adequate preparation for, an impending "hearing." ' " (*Wright v. Beck* (9th Cir. 2020) 981 F.3d 719, 731.)  This includes notification of the nature of the impending hearing and the matters to be decided at the hearing.  (*Midway Venture LLC v. County of San Diego* (2021) 60 Cal.App.5th 58, 77-78 (*Midway*).)  "A court that rules on a material issue 'without even mentioning to the parties at that time that it was considering the question' violates due process."  (*Id.*, at p. 78.)

"The opportunity to be heard must be afforded 'at a meaningful time and in a meaningful manner.' " (*Today's Fresh Start*, 57 Cal.4th at p. 212.)  "A meaningful hearing requires an opportunity to examine evidence and cross-examine witnesses."  (*In re Crystal J.* (1993) 12 Cal.App.4th 407, 413.)  However, while litigants must be afforded an opportunity to oppose in a meaningful manner, trial courts retain the inherent authority to expedite proceedings and to ensure that litigants do not engage in an unduly time consuming presentation of the evidence.  (*People v. ConAgra Grocery Products Co.* (2017) 17 Cal.App.5th 51, 148 (*ConAgra*); *California Crane School, Inc. v. National Com. for Certification of Crane Operators* (2014) 226 Cal.App.4th 12, 22-23 (*Crane School*.)  Any time limits imposed should be reasonable under the circumstances and consider that all parties are entitled to a full and fair opportunity to present their case.

10.

(*ConAgra*, at p. 150; *Crane School*, at p. 21.) After obtaining time estimates from the parties, the trial court should independently evaluate the estimates, the state of the pleadings, the legal and factual issues presented, the number of witnesses likely to testify, the court's schedule and hours, and the court's own experience with such cases; the court must also be responsive for the need to revisit a time limit and allow additional time if necessary. (*ConAgra*, at pp. 150-151; *Crane School*, at pp. 20-21.) "[T]rial courts retain great power to prevent civil trials from taking more time than necessary." (*Blumenthal v. Superior Court* (2006) 137 Cal.App.4th 672, 683.) Accordingly, time limits imposed by a trial court are reviewed for an abuse of discretion. (*ConAgra*, at p. 148; *Crane School*, at p. 23.) A court abuses its discretion among other ways by making a decision that exceeds the bounds of reasons, all of the circumstances considered. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566; *Cook v. University of Southern California* (2024) 102 Cal.App.5th 312, 329 (*Cook*).) Because reviewing courts cannot simply substitute their judgment for that of the trial court's, the abuse of discretion standard is often difficult to satisfy. (*Westlands Water District v. All Persons Interested* (2023) 95 Cal.App.5th 98, 133 (*Westlands*).)

### C. Analysis

It appears that these due process challenges have two distinct aspects. One aspect involves resolution of the motion to renew the RO as initially pled, meaning the request for a renewed restraining order with Kamal as the only protected party. The other aspect involves the trial court adding Adil's sons as protected parties under the RRO. Because Adil contends that his due process rights were violated with respect to the motion to renew as pled *and* with respect to the addition of his sons, we will evaluate these two aspects of Adil's motion separately.

11.

### 1. Motion to Renew "As Pled"[5]

Adil argues that the trial court abused its discretion and violated his due process rights when it limited the evidentiary hearing to one hour per side. We do not detect an abuse of discretion.

The record shows the trial court heard the parties' time estimates, including Adil's five-day estimate and Kamal's one hour estimate, compared the estimate with the limited factual issues and key legal issue raised by Kamal's renewal motion, considered issues that had been previously determined in connection with the RO, and gave each side one hour to present evidence and argue the motion. Adil does not explain which aspects of the renewal motion were so complex that the court's one hour per side limitation was abusive, explain why he needed dozens of witnesses and exhibits and five court days to oppose the matter,[6] or identify any particular evidence or testimony that he was unable to present but that was *necessary* to his opposition. Further, it is noteworthy that Adil identified over 30 witnesses in his pre-trial statement. When the court asked for Adil's two most important witnesses, Adil answered that all of the listed witnesses were critical. This is a telling response as the pre-trial statement included witnesses who either should not have been identified (like the judge deciding the RRO motion) or who appear to possess only marginally relevant evidence. Adil's insistence that all witnesses were critical reflects a strong likelihood that Adil's estimates were excessive and unreasonable and that he would not be able to efficiently oppose the renewal motion in the absence of a time limitation. Also, despite the one hour limitation per party, Adil was still able to call witnesses in opposition, admit exhibits, cross-examine Kamal, and make a closing

---

[5] We note that Adil does not argue that he failed to receive notice of the motion to renew the RO as pled.

[6] In contrast, Kamal relied primarily on her own testimony during the RRO hearing. As noted above, at best, Kamal also may have called Roda, who was aligned with Adil.

12.

argument. This is reflective of a meaningful opposition. (*In re Crystal J.*, *supra*, 12 Cal.App.4th at p. 413.) Finally, the court did not strictly adhere to the one hour limitation. The court's written order noted that it gave additional time to make a closing argument. This demonstrates that the court was conscious of both its initial time limit and the need for Adil to muster an effective opposition. The result of the court's monitoring was additional time to Adil to oppose the renewal. Accordingly, the court's actions were consistent with the actions, procedures, and considerations mandated for the imposition of time limits. (See *ConAgra*, *supra*, 17 Cal.App.5th at pp. 149-151; *Crane School*, *supra*, 226 Cal.App.4th at pp. 19-22.)

The abuse of discretion standard is a difficult standard to meet. (*Westlands*, *supra*, 95 Cal.App.5th at p. 133.) Given the trial court's actions and consideration of relevant factors, Adil has not demonstrated that the court's one hour plus limitation per party exceeded the bounds of reason. (*Cook*, *supra*, 102 Cal.App.5th at p. 329.) Therefore, Adil has not demonstrated either an abuse of discretion or a corresponding violation of the due process right to an opportunity to be meaningfully heard.

### 2. Addition of the Three Sons[7]

Adding the sons as protected parties is a material distinction between the RO and the RRO because the addition would require Adil to stay away from his sons during their

---

**7** Because the RRO has been expired as to all three sons for at least two years by virtue of the sons attaining the age of 21, we requested that Adil address the issue of mootness. (See *San Diego Police Department v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 564 [recognizing the general rule is "an appeal from an expired restraining order is moot because the appellate court cannot grant any effective relief from an expired order."].) In part, Adil has explained that the CLETS system identifies his sons as protected parties and lists the RRO's expiration date as August 2062. The basis of this assertion is unclear, particularly since the third page of the RRO expressly states that the RRO expires as to the sons when they turn 21. However, Adil has also explained that the inclusion of his then minor sons on the RRO has caused him to have difficulty finding an apartment to rent and caused him to be denied employment. Additionally, Adil attempted to raise the absence of notice for the inclusion of his sons on the RRO shortly after the RRO was issued, but it appears that no court has actually considered the issue. Finally, we are

13.

childhood and for three years after they attained majority. Despite the significance and ramifications of such an addition, the record presented to us demonstrates that Adil was not given notice of, or a meaningful opportunity to be heard on, the issue of whether his sons should be added to the RRO as protected parties. (Cf. *Midway*, *supra*, 60 Cal.App.5th at pp. 77-79.) The RO protected only Kamal. The motion to renew the RO did not indicate that it sought to add the three sons as protected parties, and the evidence submitted in support of the motion to renew involved only Kamal. Further, the testimony of Kamal that was described by the trial court as part of its order granting the RRO involved only Kamal's apprehension of Adil and Adil's actions toward her. There was no discussion of apprehension by, or abuse against, the sons that was caused by Adil. The minutes for the RRO hearing do not indicate that the sons' appointed minors' counsel was present or that any of the sons testified, and there is no indication that the sons' counsel joined the motion to renew. Finally, Adil's notice of appeal was filed less than 30 days after the RRO was issued and the notice in part attempted to complain of a lack of notice that his sons could be included as protected parties. This indicates that Adil was surprised by the RRO's inclusion of his sons as protected parties. Accordingly, we conclude that the court's addition of Adil's sons as protected parties under the RRO violated Adil's due process right to notice and an opportunity to be heard. (*Id.*, at p. 78.)

Orders issued in violation of the due process right to notice and an opportunity to be heard are considered void. (*Roth v. Jelley* (2020) 45 Cal.App.5th 655, 677; *Brown v. Williams*, *supra*, 78 Cal.App.4th at p. 186, fn. 4.) However, when a portion of an injunction violates the due process right to notice and an opportunity to be heard, it is

cognizant of the personal shame and stigma that may attach to Adil by virtue of including his sons as protected parties on the RRO. Given these considerations, as well as the importance and nature of the due process rights implicated by Adil's argument, we exercise our discretion to address the merits of Adil's due process challenge. (*In re D.P.* (2023) 14 Cal.5th 266, 283 [recognizing that under California law courts retain the discretion to address moot issues].)

generally only that portion of the injunction that must be reversed or stricken; the remainder of the injunction will be operative and enforceable. (*Midway*, *supra*, 60 Cal.App.5th at p. 83 ["The trial court therefore violated due process by enjoining the State and County parties from enforcing restaurant restrictions, and *that portion* of the preliminary injunction must be reversed" (italics added)]; cf. *United Farm Workers Organizing Committee v. Superior Court of Monterey* (1971) 4 Cal.3d 556, 571-572 (*United Farm Workers*) [severing and enforcing one aspect of an injunction against a union but prohibiting enforcement of all other aspects of the injunction on the basis of vagueness and overbreadth].) As applied to this case, the due process violation can be remedied by striking the three sons as "protected parties" and striking the RRO's expiration language as to the sons. By striking these two portions of the RRO, all other remaining aspects of the restraining order would relate only to Kamal and would be free of any due process violations. Accordingly, we conclude that the appropriate remedy is to strike Adil's sons as protected parties and to strike the language regarding expiration of the RRO as to the sons. (See *Midway*, at p. 83; cf. *United Farm Workers*, at p. 572; cf. also *Garamendi v. Golden Eagle Ins. Co.* (2004) 116 Cal.App.4th 694, 708, 724 [finding only a portion of a judgment awarding damages was void for lack of notice and that the void damages could not be recovered in further proceedings].)

## IV. Due Process – Lack of Opportunity to Conduct Discovery

### A. Adil's Argument

Adil argues that the trial court erroneously refused to grant his motion to conduct discovery with respect to the RRO. Adil argues that while the court pointed out that the DVPA does not have express provisions for discovery, other courts have allowed discovery to occur. Adil also argues that the failure to permit discovery is a violation of due process because it is akin to a prosecutor in a criminal case suppressing favorable evidence that is required to be disclosed.

**B.    Analysis**

Adil relies on the federal case of *Brady v. Maryland* and two state cases applying *Brady*.[8]  However, the California Supreme Court has indicated that *Brady* and its prodigy applies only in the criminal context.  "[T]here is no comparable statutory or due process right to discovery [as explained by *Brady*] at any stage of civil litigation."  (*Berroteran v. Superior Court* (2022) 12 Cal.5th 867, 896, fn. 24.)  Therefore, Adil's reliance on cases like *Brady* is inappropriate.  Without cases like *Brady*, Adil cites no authority that has held the denial of discovery in a case such as this amounted to a violation of due process and that such a violation would render the RRO void.  The absence of relevant authority is particularly important because some due process errors are subject to a harm analysis.  (E.g. *Rose v. Clark* (1986) 478 U.S. 570, 576-578; *In re Christopher L.* (2022) 12 Cal.5th 1063, 1072-1073; *In re Iris R.* (2005) 131 Cal.App.4th 337, 342-343.)  Therefore, Adil has not adequately supported his argument (see *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [noting that the failure to present meaningful argument supported by citation to authority and citations to facts in the record does not demonstrate error]; cf. *Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832, 854 [noting that the failure to support an argument with meaningful argument or citation to authority forfeits the point]), or met his burden of showing error or entitlement to relief.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga* (2009) 175 Cal.App.4th 1306, 1323 ["[The appellant's] assertions merely assume that it has a due process right.  By failing to demonstrate that it is entitled to the right it claims, [the appellant] has not carried its burden on appeal to prove that it is entitled to the relief it seeks."].)

---

**8**  Adil cites *Brady v. Maryland* (1963) 373 U.S. 83, *In re Lessard* (1965) 62 Cal.2d 497, and *In re Imbler* (1963) 60 Cal.2d 554.

Additionally, we agree with Adil that void orders can generally be challenged at any time.  (*Roth v. Jelley*, *supra*, 45 Cal.App.5th at p. 677; *Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 616; cf. also *Brown v. Williams*, *supra*, 78 Cal.App.4th at p. 186, fn. 4.)  However, Adil has not demonstrated that the denial of his motion for discovery was either a constitutional violation (like the inclusion of his sons under the RRO) or a violation that rendered the RRO void.  Therefore, it was incumbent upon Adil to timely appeal any errors associated with the denial of his discovery request.  Although it appears that Adil attempted to appeal the RRO, Adil represents that the Sixth District Court of Appeal did not permit that appeal to proceed through application of the vexatious litigant order's pre-filing requirement.  By the time Adil filed the notice of appeal in this case, approximately eight years had elapsed from the trial court's denial of discovery and entry of the related RRO.  We are aware of no authority that would make Adil's present appeal of the denial of discovery timely.  The failure to file a timely appeal deprives an appellate court of jurisdiction.  (*Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 67; *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842.)  Because Adil's appeal of the discovery issue in this case was not timely, we are without jurisdiction to consider this aspect of the appeal.  (*Ellis*, at p. 842.)

Finally, even if the appeal of the discovery order was timely, discovery orders are generally reviewed for an abuse of discretion.  (*Randy's Trucking, Inc. v. Superior Court* (2023) 91 Cal.App.5th 818, 832.)  An erroneous ruling on a discovery order will not lead to reversal unless "the error is so prejudicial that it constitutes a miscarriage of justice." (*County of Nevada v. Kinicki* (1980) 106 Cal.App.3d 357, 363; see also *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 580 ["No form of civil trial error justifies reversal and retrial … where in light of the entire record, there was no actual prejudice to the appealing party."].)  Here, Adil has not explained what discovery he actually requested, what information he attempted to obtain through that discovery, or how the information that he believed would be obtained would be relevant and necessary for his opposition to

the renewal motion. Adil's opening brief describes merely a general request for and denial of discovery. (Cf. *Thomson v. Anderson* (2003) 113 Cal.App.4th 258, 271 [finding no abuse of discretion in denying a request for discovery that did not identify what kind of discovery was desired or what jurisdictional facts would likely be discovered].) Further, the trial court's description of Kamal's testimony in the RRO order was consistent with the events she described in support of her motion to renew, each of which directly involved Adil. Since Adil was aware of the substance of Kamal's testimony and would have been aware of the incidents as someone who was a percipient witness, it would seem that he had the ability to directly contradict and refute that testimony without the need for any discovery. Thus, it is unclear what additional discovery was necessary for Adil to oppose the requested renewal or how the absence of that discovery led to a miscarriage of justice. Therefore, even if we assume the trial court erroneously denied Adil's request for discovery, Adil has not demonstrated that the error was so harmful or prejudicial that it constituted a miscarriage of justice. (*County of Nevada*, at p. 363.)

## VI. Pendency of Appeal Concerning the RO

### A. Adil's Arguments

Adil argues that at the time the RRO issued, the prior RO was still pending on appeal. Adil argues that the pending appeal deprived the trial court of jurisdiction to make any modifications of the RO. Adil avers that because adding his sons to the RRO was a modification of the RO, the RRO is void.

### B. Analysis

Adil's argument is without merit. " 'Where an injunction of limited duration is appealed, the trial court has power to extend the injunction pending disposition of the appeal if doing so would serve the ends of justice.' " (*In re Marriage of Carlisle* (2021) 60 Cal.App.5th 244, 255-256.) A renewal of a domestic violence restraining order is a separate order and does not constitute a "modification" of the original domestic violence restraining order. (*Ibid.*) Here, since a domestic violence restraining order is a type of

injunction, the trial court had the authority to renew the RO and issue the RRO pending disposition of the appeal regarding the RO, so long as "doing so would serve the ends of justice." (*Ibid.*) Because the trial court "determined that [Kamal] satisfied her burden in seeking renewal of the [RO]," the court necessarily concluded that renewing the DVRO " 'would serve the ends of justice.' " (*Ibid.*) Therefore, the court did not act without jurisdiction by granting Kamal's renewal motion and issuing the RRO despite the pending appeal of the RO. (*Ibid.*)

## VII. Compliance with Family Code section 6300 et seq.

### A. Adil's Argument

Adil argues that the inclusion of his sons as protected parties renders the RRO a new and independent restraining order. Adil argues that as a new and independent restraining order, the RRO was required to be supported by evidence that showed proof of abuse. Adil avers that the absence of proof of abuse renders the RRO void.

### B. Analysis

Adil is not entitled to relief for several reasons. First, Adil cites no authority in support of his contention that the RRO was void because it contained additional terms from the original RO. The failure to support the argument with authority fails to show error (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408), and forfeits the point. (*Blizzard Energy*, *supra*, 71 Cal.App.5th at p. 854.) Second, because Adil has failed to establish his voidness argument, Adil was obligated to timely appeal the matter. (Code Civ. Proc., § 904.1, subd. (a)(6); Cal. Rules of Court, rule 8.104.) However, because this appeal is eight years after the RRO was issued, Adil's challenge is untimely, and we are without jurisdiction to consider it. (*Reyes v. Kruger*, *supra*, 55 Cal.App.5th at p. 67; *Ellis v. Ellis*, *supra*, 235 Cal.App.4th at p. 842.) Third, the remedy for the improper inclusion of the sons as protected parties is to strike the portions of the RRO that relate to the sons as protected parties. (*Midway*, *supra*, 60 Cal.App.5th at p. 83; cf. *United Farm Workers*, *supra*, 4 Cal.3d at pp. 571-572.) As discussed above, we have already determined that it

19.

is appropriate to strike such portions of the RRO because of the independent violation of due process.  No other relief is possible.  For these reasons, we reject Adil's challenge.

## DISPOSITION

The trial court's inclusion of Adil's three sons as protected parties in the August 2012 RRO is reversed.  Consistent with this order, this matter is remanded for the trial court to strike from the August 2012 RRO all references pertaining to Adil's sons as protected parties.  All other aspects of the August 2012 RRO will remain in place.  The trial court's orders are otherwise affirmed.  Appellant is awarded his costs of appeal.


                                                                    SMITH, J.

WE CONCUR:


DETJEN, Acting P. J.


MEEHAN, J.


20.