Filed 1/31/25  Nguyen v. Harsaghy CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LAN NGUYEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ERIN HARSAGHY,<br><br>        Defendant and Respondent. | A170752<br><br>(Napa County Super. Ct.<br>No. 24CV000385) |

Lan Nguyen, representing herself, filed a request for civil harassment restraining orders against Erin Harsaghy, but never filed a proof of service. Nguyen filed several requests for an order authorizing service by publication, which the trial court denied.  Eventually the trial court dismissed the matter without prejudice, stating that Nguyen could re-file.  Nguyen then filed this appeal, but fails to show any error by the trial court.

This follows a pattern.  Since 2022, Nguyen has, while self-represented, "commenced, prosecuted, or maintained" multiple appeals in this court, not including this one, that have been "finally determined adversely" to her within the meaning of Code of Civil Procedure section 391, subdivision

1

(b)(1)(i).[1]  With these appeals, she engaged in a pattern that has onerously burdened this court and the litigants she has sued.

Accordingly, we affirm the trial court's dismissal order and, on our own motion after having issued an order to show cause, we conclude Nguyen is a vexatious litigant.  We therefore impose a prefiling order prohibiting her from filing new litigation in the courts of this state in propria persona without first obtaining permission from the presiding judge or justice where the litigation is proposed to be filed.  (§§ 391, subd. (b)(1)(i), 391.7, subd. (a).)

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *The Current Appeal*

On March 13, 2024, Nguyen filed a request for civil harassment restraining orders against Harsaghy using Judicial Council form CH-100.[2]  Nguyen stated that she and Harsaghy, her former tenant, had been involved in three prior court cases—a 2023 eviction proceeding, a 2023 elder abuse proceeding, and a 2024 civil harassment proceeding.  Nguyen gave an address for Harsaghy in Norman, Oklahoma, and alleged that Harsaghy is a "scammer" who uses a "fake address in Oklahoma" even though he is in California.

On the Judicial Council form Nguyen stated that the most recent incident of harassment was on March 11.  Her statement as to how Harsaghy harassed her is reproduced here verbatim:  "He continuously texted me for the money that I did not own [*sic*] him.  [¶] He repeatedly threatend [*sic*] me for my life is misrable [*sic*] with the neighbor and the local judges who claimed her territorial jurisdiction to deprive my right for a fair hearing with

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] Subsequent dates are in 2024 unless otherwise stated.

2

an impartial judge from another county."  Nguyen stated that Harsaghy had not used or threatened to use any weapon, and Nguyen checked the box on the form answering "yes" to the question whether she was harmed or injured because of the harassment, explaining that she had suffered emotional distress and was "afraid some[thing ]bad will happen to me because Harsaghy threatened me that he [is] a good friend of Russell Moulder, the scammer neighbor, who has some connection with local dispatcher, Court official, and American Canyon City officials."[3]

Nguyen stated that Harsaghy had also harassed her at other times, and stated, "I will upload the appellant's designation of record to transfer."

Nguyen asked the court to issue personal conduct orders prohibiting Harsaghy from harassing her and contacting her, as well as an order that he "Stop breaking into my Zelle bank account trying to get my money."  She also sought an order that he stay at least 100 yards from her home.  Nguyen requested a temporary restraining order to last until the hearing and sought authorization to give less than five days' notice of the hearing.  And she asked that the sheriff or marshal serve Harsaghy because the request for orders "is based on unlawful violence, a credible threat of violence, or stalking."

The exhibits attached to the request for orders include copies of several police reports, which reflect that in early August 2023 Nguyen made several reports to the American Canyon Police Department about Harsaghy concerning landlord-tenant issues and on February 29, 2024 she reported fraud or identity theft allegedly committed by Harsaghy.[4]

---

[3] Russell Moulder was not a party to the proceeding below, and is not a party to this appeal.

[4] The "remarks" section of the February 29 police report states that Nguyen had an ongoing civil case with Harsaghy, as well as a civil case that had been resolved in favor of Harsaghy, and that Nguyen "did not agree" with

In an order dated March 14, the trial court scheduled a hearing for April 2. The court denied the request for temporary restraining orders because the facts stated in form CH-100 "do not sufficiently show acts of violence, threats of violence, or a course of conduct that seriously alarmed, annoyed, or harassed [Nguyen] and caused substantial emotional distress."

Nguyen appeared at the April 2 hearing.[5] The minute order reflects that the court, the Honorable Joseph J. Solga presiding, noted that because there was no proof of service on file, the matter could not go forward. The court heard comments from Nguyen and continued the matter to April 29.

On April 19, Nguyen filed a motion stating that she had "faced difficulty serving" Harsaghy before the hearing on April 2 and the continued hearing scheduled for April 29. She asked the court to authorize service by publication or by posting at the court house. A hearing on that motion was scheduled for April 29.

On April 22, the Napa County Sheriff's office filed a Proof of Unsuccessful Service, in which a deputy stated that he had been unable to make service on "Erin Harsaghy [at] Friend Russell Moulder's house 1711 Rio Grande Way American Canyon CA 94503." That same day, Nguyen filed a request to reschedule the April 29 hearing because she needed more time to

---

the resolution of that case. According to the report, on February 6 Harsaghy requested a payment through Zelle that was accepted without Nguyen's knowledge; Nguyen called her bank and stopped the payment. The report continued: "Nguyen believed she was a victim of fraud/identity theft. Based on the circumstances this appeared to be a civil issue and possibly a misunderstanding of the application Zelle."

[5] The record on appeal does not include reporter's transcripts of any of the hearings held in the trial court. As reflected in the court's minutes, Nguyen was assisted at all but one of the hearings by a Vietnamese language interpreter.

have Harsaghy personally served.  She further stated that Moulder "refused [Harsaghy's] residency at his address" and that she had requested a court order authorizing alternative service.  On April 23, the court issued an order continuing the hearing on the request for protective orders to June 3.

A hearing on Nguyen's request for alternative service was held on April 29, which Nguyen attended by videoconference.  The minute order reflects that Nguyen was sworn and responded to questions from the court.  The court heard comments from Nguyen and continued the matter to June 3.

Between April 29 and June 3, Nguyen filed numerous documents in the trial court.

On May 6, Nguyen filed an ex parte application for an order allowing service on Harsaghy by publication or by posting at the courthouse.  She stated that she sought the order because the Napa County Sheriff had failed to serve Harsaghy in person on March 25 for the April 2 hearing and on April 18 for the April 29 hearing.  At a hearing on May 7, Nguyen was sworn and addressed the court.  The court denied the ex parte application based on its finding that "there is insufficient evidence of attempts to locate [Harsaghy]."[6]

Nguyen filed two further ex parte applications seeking the same relief, one on May 8 and one on May 13.  At hearings held on May 9 and May 14, at both of which Nguyen appeared, the court denied the applications, which it treated as requests for reconsideration.

On May 16, Nguyen filed an ex parte request for a change of venue to Alameda County.  In an order dated May 17, the trial court directed the clerk

---

[6] Section 415.50, subdivision (a), provides that service of a summons may be made "by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article."

5

to strike the motion under section 436, subdivision (b), which authorizes the court "at any time in its discretion, and upon terms it deems proper" to "[s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." The court stated that Nguyen failed to establish a factual basis for ex parte relief.

On May 21, Nguyen filed a document captioned "Ex-Parte Application for Order Being Denied Hearing Date 5/20/2021 [*sic*]" with the title "Ex-Parte Application for Urgent Venue Change." That same day, the trial court directed the clerk to strike the application and supporting declaration under section 436, subdivision (b), stating that Nguyen had not complied with the requirements for a motion for reconsideration, and that to the extent Nguyen sought to file a new motion, she had not made any showing that would entitle her to ex parte relief.

On May 22, Nguyen filed an "Ex Parte Application for Venue Change Order, Using Substituted Services of the Restraining Request Being Denied." In a supporting declaration, she requested "to disqualify Judge Solga for cause" under section 170.1, contending that he was biased. In an order issued that same day, the trial court directed the clerk to strike the ex parte request and supporting papers under section 436, subdivision (b). In the order, Judge Solga acknowledged the request for disqualification and stated, "I decline to recuse myself as I have no reason to be biased for or against any of the parties in this matter and believe I can be fair or impartial." He noted that Nguyen had not followed the procedures for challenging a judge for cause as set forth in section 170.3.

On May 23, Nguyen filed documents constituting an ex parte request to reconsider the denial of her May 21 and May 22 ex parte motions. That same

day, the court directed the clerk to strike the papers under section 436, subdivision (b).

On May 24, Nguyen filed two motions, both of which were scheduled for hearing on June 10. One was a motion to change venue. The other, captioned "Motion to Set Aside Previous Order—Change of Circumstances," appears to concern a dismissal by a different judge of a different case that Nguyen had filed.

On June 3, a hearing was held on Nguyen's request for civil harassment restraining orders. The minute order reflects that Nguyen appeared and was sworn, and states: "The Court notes there is no proof of service on file. [¶] The Court DENIES the request for alternate service as the request has been heard by the Court multiple times on its merits. [¶] The Court inquires with the Petitioner whether she would like to attempt to serve the Respondent or drop the matter. [¶] The Petitioner comments as to service and notes she has no way to serve the Respondent in person. [¶] Having heard comments, the Court DISMISSES the matter without prejudice and informs the Petitioner that she may re-file. [¶] The Motions scheduled for 6/10/2024 are moot and therefore Vacated."

Nguyen timely appealed from the trial court's June 3, 2024 dismissal order. Respondent Harsaghy did not file a brief, and oral argument on the appeal has been waived. Therefore, we decide the appeal on the record and Nguyen's opening brief. (Cal. Rules of Court, rule 8.220(a)(2).)[7]

B.     *Prior Appeals and Writ Petitions*

Not including this appeal (A170752), Nguyen has initiated numerous appeals and writ proceedings in this court as a self-represented litigant in

---

[7] Subsequent citations to rules are to the California Rules of Court.

recent years. The following seven have been determined adversely to Nguyen and are now final:

(1)     In *Nguyen v. Moulder*, case No. A165911, Nguyen appealed from an order denying her request for a civil harassment restraining order. We dismissed the appeal on October 17, 2022, after appellant requested dismissal.

(2)     In *Nguyen v. Luebcke*, case No. A167428, Nguyen appealed from a judgment of dismissal entered after the trial court sustained defendants' demurrers to her amended complaint with leave to amend. We affirmed the trial court decision by written opinion on May 6, 2024. In our decision, we recounted the substantial burden Nguyen placed on court staff during the pendency of the appeal: "[S]he filed unnecessary civil case information statements, multiple requests to augment the record, nearly 1,000 pages of exhibits, two petitions for writ relief, and numerous miscellaneous requests. She also attempted to file a 237-page opening brief that did not cite to the appellate record or contain intelligible legal argument. And she sent numerous emails to the clerks of this court."

(3)     In *Nguyen v. Luebcke*, case No. A168843, Nguyen purported to appeal from an April 2023 petition for writ of mandate, an order denying her oral request to recuse the trial court judge, and an order continuing the hearing on her motion to transfer her case to "the appropriate court." We dismissed the appeal on October 20, 2023, since the appeal was taken from nonappealable orders.

(4)     In *Nguyen v. Luebcke*, case No. A169806, Nguyen purported to appeal from a January 2024 order directing her to appear at a case management conference. We dismissed the appeal on March 28, 2024, as it too was taken from a nonappealable order.

(5)     In *Nguyen v. Luebcke*, case No. A170651, Nguyen purported to appeal from an April 2023 order.  We dismissed the appeal on July 11, 2024, as untimely.

(6)     In *Nguyen v. Moulder*, case No. A170753, Nguyen purported to appeal from an August 2022 order or judgment.  We dismissed the appeal on July 12, 2024, as untimely.

(7)     In *Nguyen v. Harsaghy*, case No. A170755, Nguyen purported to appeal from an August 2023 order or judgment.  We dismissed the appeal on July 11, 2024, as untimely.

In light of Nguyen's persistent pattern of filing meritless appeals and writ petitions and Nguyen's conduct in appeal No. A167428, we issued an order to show cause (OSC) on November 6, 2024, why she should not be declared a vexatious litigant pursuant to section 391, subdivisions (b)(1)(i) and (b)(3).  We ordered Nguyen to file a written response addressing, among other things, whether the appeals in case Nos. A165911, A167428, A168843, A169806, A170651, A170753, and A170755 satisfy the requirements of section 391, subdivision (b)(1)(i).  We authorized respondent Harsaghy to reply to Nguyen's response, and directed the clerk to set the matter for hearing on January 22, 2025.  Nguyen filed a written response to the OSC; Harsaghy did not file a reply.  Nguyen informed our clerk's office that she would not appear at the scheduled hearing, and accordingly oral argument on the OSC has been deemed waived.

## DISCUSSION

A.     *Appeal*

Nguyen begins her appellate brief by devoting several pages to describing 13 other cases in the superior court to which she was a party.  We disregard this discussion, which is not supported by any citations to the

9

record. (See *Air Couriers International v. Employment Development Dept.* (2007) 150 Cal.App.4th 923, 928 (*Air Couriers International*) [arguments in briefs must be supported by "appropriate reference to the record, which includes providing exact page citations"; appellate courts "may disregard any factual contention not supported by proper citations"]; see also rule 8.204(a)(2)(C) [requiring that appellant's opening brief "[p]rovide a summary of the significant facts limited to matters in the record"].) We also disregard other unsupported statements and discussion in Nguyen's brief, including remarks about Nguyen's alleged entitlement to compensation under various statutes as a "victim landlord plaintiff"; complaints about conduct by a judge who did not preside over the underlying matter; an unsupported reference to "a property damage claim for restitution"; and an unsupported request for "injunctive ruling to have equal protection, stop the privacy invasion of the [*sic*] Moulder and his encroaching trees in the backyard, [and] sanction the defendants for blackmail and recoverable Court costs."

As best we can understand Nguyen's brief as it relates to the underlying matter, which is the March 2024 petition for civil harassment restraining orders, it attempts to raise four issues.[8] Three of them have been forfeited and the fourth is not subject to review in this appeal.

First, Nguyen complains that the trial court denied her requests to serve Harsaghy by publication or by posting. Yet Nguyen does not present any legal argument that the trial court's denial of her request was in error, nor does she cite any legal authority showing error. (See rule 8.204(a)(1)(B) [an appellate brief must "support each point by argument"].) A trial court's

---

[8] We note that Nguyen's brief fails to provide any summary of the significant facts that bear on the dismissal order from which Nguyen has appealed, in violation of rule 8.204(a)(2)(C).

10

order is presumed correct, and as the appellant challenging the order Nguyen has the burden to demonstrate prejudicial error with reasoned legal argument and citations to authority. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) When an appellant fails to do so, "we may treat the point as forfeited . . . . We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 (*Allen*).) These rules apply to litigants who represent themselves on appeal, as Nguyen does here. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Because Nguyen does not provide argument showing that the trial court erred in denying her requests for alternative service, she has forfeited her claim of error.

Second, Nguyen contends that the trial court abused its discretion when it ordered her filings to be struck under section 436. She does not identify any particular filings by reference to the record (indeed, she states that the court improperly "block[ed] all of Nguyen's legitimate filing," which is clearly false) and she does not support her contention with any legal argument. The claim of error has been forfeited. (*Allen*, *supra*, 234 Cal.App.4th at p. 52.)

Third, Nguyen complains that her request to change venue was denied. The trial court did not rule on the merits of Nguyen's ex parte requests to change venue, but instead struck the requests as not filed in conformity with the law. Nguyen does not cite any authority or make any legal argument to support a claim that the trial court erred in striking those ex parte requests, so the claim has been forfeited. (*Allen*, *supra*, 234 Cal.App.4th at p. 52.) After those ex parte requests were stricken, Nguyen filed a motion to change venue, which was scheduled to be heard on June 10 and was vacated as moot when the request for civil harassment orders was dismissed without

11

prejudice on June 3. Nguyen presents no argument that the court erred when it vacated the pending motion as moot, and that issue, too, has been forfeited.

Fourth, Nguyen complains that her requests to disqualify Judge Solga for cause were denied. This issue is not before us in this appeal. The only avenue for appellate review of a motion to disqualify a judge is by a timely writ petition. (§ 170.3, subd. (d); see *Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [§ 170.3, subd. (d) "specifies the exclusive appellate remedy with regard to a statutory claim that the superior court erred in granting or denying a motion to disqualify a judge"].)

Because Nguyen fails to demonstrate any error by the trial court, we will affirm the challenged order.[9]

B.      *Nguyen Qualifies as a Vexatious Litigant*

Based on Nguyen's track record of initiating meritless litigation in this court, we now declare her a vexatious litigant and impose upon her a prefiling order that prohibits her from filing new litigation in the courts of this state in propria persona without first obtaining permission from the presiding judge or justice where the litigation is proposed to be filed.

---

[9] In addition to raising issues about trial court proceedings, Nguyen's brief requests that we consolidate this appeal with several others that she has filed—but which she does not identify by appeal number. As far as we can tell, we have already denied this request, which was made as a motion to consolidate this appeal with appeal Nos. A170753, A170754, A170755, and A170756. Nguyen does not mention our denial of her motion, nor does she mention that before she filed her appellate brief, our Supreme Court denied her petition for review of our order denying the motion. And Nguyen does not present any argument suggesting that we should reconsider our ruling. In any event, the issue is moot, because each of the other appeals, Nos. A170753, A170754, A170755, and A170756, has been dismissed and the remittiturs have issued.

12

The right to petition is central to California's constitutional scheme (see Cal. Const., art. I, § 3); nevertheless, courts may impose reasonable limits on vexatious litigants without offending the right to petition. (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 81; see also *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 59 ["vexatious litigant statute does not impermissibly 'chill' the right to petition" as a vexatious litigant is still afforded the right to petition].) Accordingly, the vexatious litigant statutes—sections 391 et seq.— " 'are designed to curb misuse of the court system by . . . litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants.' " (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345; see also *Karnazes v. The Lauriedale Homeowners Assn.* (2023) 96 Cal.App.5th 275, 280 (*Karnazes*).)

In order to deem a party vexatious, a court must find the party falls under at least one of the four separate definitions set forth in section 391, subdivision (b).

Under the first applicable definition—section 391, subdivision (b)(1)(i)—a litigant is vexatious if they have filed, while self-represented, at least five qualifying litigations within the past seven years that were "finally determined adversely" to them. (§ 391, subd. (b)(1)(i).) "Litigation is defined as any 'civil action or proceeding, commenced, maintained or pending in any state or federal court' (*id*., subd. (a)), including 'an appeal.' " (*Karnazes, supra*, 96 Cal.App.5th at p. 280.) "An action is 'within the " 'immediately preceding seven-year period' " ' so long as it was filed or maintained during that period.' " (*Ibid*.) The seven-year period is measured from the date the motion or OSC is filed. (*Stolz v. Bank of America* (1993) 15 Cal.App.4th 217, 224–225.) Under section 391, an action is considered " 'finally determined

13

adversely' " to the litigant if they do not win the action—including voluntary and involuntary dismissals—and the " 'avenues for direct review (appeal) have been exhausted or the time for appeal has expired.' " (*Karnazes*, at p. 280; *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1173–1174 [appeal dismissed as untimely]; *Marriage of Falcone* (2012) 203 Cal.App.4th 964, 1006 [appeal dismissed for failure to file opening brief].)

Under the other applicable definition—section 391, subdivision (b)(3)— a litigant is vexatious if, "[i]n any litigation while acting in propria persona, [the litigant] repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).)

If a self-represented litigant has been declared a vexatious litigant under section 391, subdivision (b), a court may enter a prefiling order prohibiting the person declared a vexatious litigant from filing any new pro per litigation without first obtaining leave of the presiding judge or presiding justice where the litigation is to be filed. (§ 391.7, subd. (a); see also *Karnazes*, *supra*, 96 Cal.App.5th at p. 280.) Permission to file may be granted "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." (§ 391.7, subd. (b).) The prefiling requirement " ' " 'does not deny the vexatious litigant access to the courts but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs.' " ' " (*Karnazes*, at pp. 280–281.)

Nguyen's pattern of filing meritless appeals in propria persona qualifies her as vexatious under section 391, subdivision (b)(1)(i). Since our OSC directing Nguyen to address why she should not be declared a vexatious litigant was issued on November 6, 2024, we may consider litigation she maintained in the seven-year period preceding the OSC, or since November 6,

14

2017.  Since that date, Nguyen has filed in this court more than the minimum five qualifying litigations finally determined adversely to her:  (1) A165911; (2) A167428; (3) A168843; (4) A169806; (5) A170651; (6) A170753; and (7) A170755, as detailed above.  Nguyen does not dispute that these matters were all decided against her and are now final.  Accordingly, we designate Nguyen vexatious under section 391, subdivision (b)(1)(i).

Nguyen's response to our OSC suffers from similar defects as her appellate brief, which we described above.  She includes an extensive background, including details of 14 cases.  However, none of Nguyen's discussion is supported by any citation to the record.  Our OSC informed Nguyen that if she wished to draw the court's attention to any court records, she needed to file a request for judicial notice pursuant to Evidence Code sections 450 to 459 and rule 8.252(a).  No judicial notice request accompanied her response.  Accordingly, we do not consider any of the numerous factual contentions she provides in her response. (See *Air Couriers International*, *supra*, 150 Cal.App.4th at p. 928.)

Nguyen's legal arguments, as far as we can make them out, fare no better.  Generally, they are unintelligible, fail to address our OSC's request to address specific appeals litigated in our court, and give us no doubt about our decision to deem Nguyen vexatious.  (Cf. *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 [" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' . . . We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt' "].)

15

Nguyen appears to allege a number of trial court judges who presided over various matters in 14 cases were biased against her and asserts that the superior court judges "deprived" her of her rights, issued "biased ruling[s] or dismiss[als]," "aid[ed] and abet[ted]" the defendants, and "abused" the judicial system. These appear to be attempts to re-litigate matters already final. These conclusory, unsupported assertions do not address or alter the critical and undisputed fact that at least five qualifying litigations within the past seven years have been finally decided adverse to Nguyen.

Nguyen contends the trial court and this court's failure to consolidate cases was improper. She argues that superior court clerks improperly handled her filings. She also identifies other problems with previous trial court rulings. But she offers no cogent analysis or argument as to how the points that she raises affect the merits of the unsuccessful appeals that form the basis of our vexatious litigant designation.

Nguyen suggests she should not be deemed vexatious because the court has " 'the responsibility to ensure that when one party is represented by counsel and the other is not, the playing field is level.' " But it is well-established that "[p]ro. per. litigants are held to the same [procedural and substantive] standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) Moreover, it is not Nguyen's pro per status that has resulted in her vexatious designation, but rather the nature and effect of her conduct has resulted in unnecessary burdens on this court and imposed substantial costs on court staff in the form of responding to innumerable communications and dealing with numerous meritless filings. (*In re Whitaker* (1992) 6 Cal.App.4th 54, 57 [" 'the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources' "].)

16

In our OSC, we also asked Nguyen to address whether her conduct in appeal No. A167428, specifically her filing of unnecessary civil case information statements, multiple requests to augment the record, nearly 1,000 pages of exhibits, two petitions for writ relief, numerous miscellaneous requests, and her attempt to file a 237-page opening brief that did not cite to the appellate record or contain intelligible legal argument, came within section 391, subdivision (b)(3), one of the four definitions a party must satisfy before being designated vexatious. We also requested she address whether her pattern of filing writ petitions in case Nos. A167430, A168782, A168822, A168823, A169782, A169779, A170360, and A170155, came within section 391, subdivision (b)(3).

In light of our conclusion that Nguyen falls squarely in the definition of vexatious litigant in section 391, subdivision (b)(1)(i)—and her failure to offer any intelligible argument why she should not be so designated—we need not consider these other grounds for deeming her vexatious.

## DISPOSITION

The challenged order is affirmed. Lan Nguyen is hereby declared a vexatious litigant. (§ 391, subd. (b)(1)(i).) Before filing any new litigation in the courts of this state in propria persona, she must first obtain leave of the presiding judge or justice of the court where the litigation is proposed to be filed. (§ 391.7, subd. (a).) Disobedience of this order may be punished as contempt of court. (*Ibid.*) The clerk of this court shall provide a copy of this opinion and order to the Judicial Council (*id.*, subd. (f)) and to the presiding judge and clerk of the Superior Court for the County of Napa. In the interests of justice, no costs are awarded. (Rule 8.278(a)(5).)

17

_____

Miller, J.

WE CONCUR:


_____

Stewart, P.J.


_____

Desautels, J.

A170752, *Nguyen v. Harsaghy*